FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>          v.<br><br>DANIEL MARTINEZ-IZAZAGA (10),<br><br>                        Defendant. | No.   1:17-cr-02038-SMJ-10<br><br>**ORDER GRANTING MOTION TO SEAL, MOTION TO EXPEDITE, AND MOTION FOR COMPASSIONATE RELEASE** |

Before the Court, without oral argument, are Defendant Daniel Martinez-Izazaga's (10) Emergency Motion for Sentence Reduction and Compassionate Release, ECF No. 943, related Motion to Seal, ECF No. 945, and related motion to expedite, ECF No. 944. The Government's Response to Defendant's Motion for Reduction in Sentence, ECF No. 949, states that it does not oppose the motions. The Court has reviewed the record in this matter, as well as the contents of the proposed sealed document, and is fully informed.

**MOTION TO SEAL**

Defendant moves to seal Exhibit F in support of his Emergency Motion for Sentence Reduction and Compassionate Release, which includes medical records

from BOP and other healthcare providers. ECF No. 945. Defendant represents this exhibit contains sensitive personal information as to his health and other issues. *Id.*

The Court finds Defendant has set forth "compelling reasons supported by specific factual findings" establishing that the need for confidentiality of the proposed sealed document outweighs the public's interest in disclosure. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Therefore, the Court grants the Defendant's motion to seal Exhibit F.

## MOTION TO EXPEDITE

Defendant seeks to expedite consideration of his Emergency Motion for Sentence Reduction and Compassionate Release. ECF No. 944. Having reviewed the pleadings and the file in this matter, and considering the urgency of the COVID-19 pandemic, the Court finds good cause to expedite consideration of this matter. Therefore, the Court grants the Defendant's motion to expedite.

## MOTION FOR COMPASSIONATE RELEASE

Defendant was sentenced to thirty-six months' incarceration after pleading guilty to one count of distributing methamphetamine under 21 U.S.C. § 841(b)(1)(C). ECF No. 830. Defendant is currently incarcerated in CI Reeves III

detention facility in Pecos, Texas.[1] *See* ECF No. 943-1. Defendant now seeks immediate release because his age and health conditions put him at a high risk of contracting coronavirus and, if he does contract the virus, at a high risk of death from the disease. ECF No. 943.

Defendant, now seventy-one years old, was in poor health when he began his sentence, suffering from type II diabetes mellitus, hypertension, cardiovascular disease (myocardial ischemia and coronary artery disease), and hyperlipidemia, among other ailments. ECF No. 946, at 2, 5, 36, 43 & 49 (filed under seal). Since Defendant's incarceration his condition has deteriorated significantly. In April 2020, Defendant suffered from pneumonia. ECF No. 946 at 59–62. Later that month, he was admitted into the hospital where doctors performed an angiogram, EKG, and other tests, and placed a stent in Defendant's clogged coronary artery. ECF No. 943-11; ECF No. 946 at 42. Due to inconsistent access to medication, lack of a balanced diet, and other factors, Defendant still experiences constant chest pain, fluctuating glucose levels and high blood pressure, as well as sweating, memory

---

[1] As of August 12, 2020, the State of Texas had the third-highest number of reported cases of the coronavirus and fifth-highest number of deaths, with 500,620 confirmed cases and 8,710 deaths. Cases in the U.S., CDC (last accessed August 12, 2020), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html. As recently as August 11, 2020, Texas Governor Greg Abbott has cautioned that there are still too many cases to reopen businesses and other entities. Texas Has Too Many Cases to Reopen, Governor Warns, N.Y. Times (last accessed August 12, 2020), https://www.nytimes.com/2020/08/11/world/coronavirus-covid-19.html.

ORDER GRANTING MOTION TO SEAL, MOTION TO EXPEDITE, AND
MOTION FOR COMPASSIONATE RELEASE – 3

loss, shaking, chills, headaches, lack of energy, dizziness, and vision problems. ECF 943 at 33; ECF No. 943-7; ECF No. 943-9; ECF No. 946, at 3, 38, 41, 43, 46, 55 & 60. Defendant's diabetes is uncontrolled. ECF No. 943-10.

In his declaration, Defendant notes that on June 11, 2020, inmates were orally told that a prison official had contracted coronavirus. ECF No. 943-7 at 2. On July 3, 2020, inmates were informed that other prison officials had tested positive.[2] *Id.* As of August 12, 2020, the Federal Bureau of Prisons had reported two cases of inmates in CI Reeves I & II[3] who have active cases of COVID-19. ECF No. 948-1.

The Government does not oppose compassionate release. ECF No. 949. Having reviewed the record and the relevant legal authorities, the Court is fully informed and grants Defendant's motion for early release.

**A.    Legal Standard**

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . . ."). The statutory mechanism under which Defendant seeks early release

---

[2] Defendant also notes that he has not been given access to testing for the COVID-19 virus. ECF No. 943-7 at 2.

[3] CI Reeves I & II is an adjacent facility in the same detention complex as CI Reeves III, where Defendant is incarcerated. *See* CI Reeves I & II, Federal Bureau of Prisons (last accessed August 12, 2020), https://www.bop.gov/locations/ci/ree/; and CI Reeves III, Federal Bureau of Prisons (last accessed August 12, 2020), https://www.bop.gov/locations/ci/rvs/.

ORDER GRANTING MOTION TO SEAL, MOTION TO EXPEDITE, AND MOTION FOR COMPASSIONATE RELEASE – 4

permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). But that provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

**B.    Defendant has satisfied the administrative exhaustion requirement**

Having reviewed the materials Defendant submitted with his motion for early release, the Court concludes he has satisfied the requirement of administrative exhaustion set out in 18 U.S.C. § 3582(c)(1)(A)(i). *See* ECF Nos. 943-1; 943-2. Specifically, it appears Defendant sought relief from the warden of his facility on June 8, 2020. ECF No. 943-1. His request was received on June 9, 2020, and sometime later he received a response from a Facility Administrator denying the request. ECF No. 943-2. More than thirty days have elapsed since the receipt of Defendant's request to the warden. As such, the Court is satisfied Defendant has met the administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

**C.    Defendant has established extraordinary and compelling circumstances**

As an initial matter, there is division among the district courts concerning the standard applicable to motions for compassionate release. *See United States v.*

*Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024, at *2–3 (S.D. Cal. Mar. 3, 2020). Prior to substantial amendments to § 3582(c) in the First Step Act of 2018, only the Bureau of Prisons was permitted to bring a motion for compassionate release on an inmate's behalf. *See id.* Under that earlier regime, the U.S. Sentencing Commission identified three circumstances in which compassionate release was justified, none of which are relevant here, yet also recognized early release may be appropriate for "an extraordinary and compelling reason other than, or in combination with" the enumerated reasons. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). Crucially, however, justifications under that final catchall category were limited to those considered sufficiently extraordinary "by the Director of the Bureau of Prisons," and the guideline has not been amended since passage of the First Step Act of 2018. *Id.* § 1B1.13 cmt. n.1(D).

It is therefore unclear whether the district court is constrained to granting compassionate release only where either an enumerated category under the U.S. Sentencing Guidelines applies or the Bureau of Prisons has identified a different reason as sufficiently extraordinary and compelling, or whether the district courts are now entitled to make that determination independently. *Compare United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (collecting cases) ("[T]he most natural reading of the amended § 3582(c) . . . is that the district court assumes the same discretion as the B[ureau of Prisons] Director when it considers a

compassionate release motion properly before it.") *with United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *3 (S.D. Ala. Aug. 13, 2019) (holding only Bureau of Prisons permitted to identify extraordinary and compelling reason).

However, the Court need not resolve this division, because such an enumerated category identifying an applicable extraordinary and compelling reason under the U.S. Sentencing Guidelines exists here. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I). Defendant is "suffering from a serious physical or medical condition" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover" *Id.*  In fact, Defendant is suffering from several serious medical conditions, including diabetes, hypertension, and cardiovascular disease. ECF No. 946, at 2, 5, 36, 43 & 49. As evidenced by his deteriorating health, inconsistent access to medication, and recent admission into the hospital for surgery, the "environment" of the prison has proven to "substantially diminish" Defendant's ability to manage his health. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

Defendant's poor health is only compounded by the coronavirus pandemic. Defendant's age, diabetes, cardiovascular disease, hypertension, other health conditions and incarceration each greatly increase his risk of a fatal contraction of the coronavirus. *See, e.g.,* People With Certain Medical Conditions, CDC (last accessed August 12, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-

extra-precautions/people-with-medical-conditions.html; Older Adults, CDC (last accessed August 12, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. Incarceration alone increases the risk of contracting coronavirus by 550% and dying from the virus by 300%. Prisoners 550% More Likely to Get Covid-19, 300% More Likely to Die, New Study Shows, Forbes (last accessed August 12, 2020), https://www.forbes.com/sites/alexandrasternlicht/2020/07/08/prisoners-550-more-likely-to-get-covid-19-300-more-likely-to-die-new-study-shows/#3ef2a27c3a72. This risk is even further magnified if, as Defendant asserts, coronavirus has already been introduced into CI Reeves III. ECF No. 943-7 at 2. In view of Defendant's many other risk factors, it is clear that "extraordinary and compelling" circumstances exist here. Further, other courts agree. As Defendant's counsel notes over two full pages of citations, many courts have granted compassionate release to Defendants with diabetes. *See, e.g., United States v. Barber*, Case No. 6:18-cr-00446-AA, 2020 WL 2404679 (D. Or. May 12, 2020); *United States v. Simpson*, Case No. 11-cr-00832-SI-3, 2020 WL 2323055 (N.D. Cal. May 11, 2020).

**D.     Defendant is not a danger to the public**

Defendant was sentenced to thirty-six months in prison for a non-violent drug offense. To date, Defendant has served approximately thirteen months of his sentence. Defendant was granted pre-trial release and had no violations for the two

ORDER GRANTING MOTION TO SEAL, MOTION TO EXPEDITE, AND MOTION FOR COMPASSIONATE RELEASE – 8

years proceeding his conviction. ECF No. 857 at 6. Even the denial of Defendant's request for compassionate release that he sent on June 8, 2020, notes that his PATTERN score is minimal and that he has no disciplinary history during his incarceration. ECF No. 943-2. In his presentence investigation report, Defendant had zero criminal history points.[4]

Upon release, Defendant's Counsel has indicated that he will have stable housing. Defendant will be able to isolate in Grandview, in the home of his ex-wife, where no one else resides. ECF No. 943 at 39. He will also receive SSI benefits. ECF No. 857 at 29. This will allow him to quarantine and attend to his medical needs. ECF No. 943 at 39–40. Given Defendant's limited criminal history, proven ability to comply with conditions of release, and stable housing upon release, this Court does not believe that Defendant poses a risk to the public upon release.

//

//

//

---

[4] Defendant's presentence investigation report lists convictions for Carrying a Loaded Pistol in a Motor Vehicle and Driving While Intoxicated, date of arrest July 30, 1992; Tagging of Wildlife Unintentionally, date of arrest October 26, 1992; False Claims and Statements, date of arrest August 28, 1993; Driving Under the Influence and Driving Without a License, date of arrest May 11, 1996; Driving Under the Influence, date of arrest December 24, 2006; Third Degree Driving While License Suspended, date of arrest April 4, 2007; and First Degree Criminal Trespass, date of arrest November 27, 2012, resulting in a criminal history score of zero. ECF No. 857 at 23–25.

ORDER GRANTING MOTION TO SEAL, MOTION TO EXPEDITE, AND MOTION FOR COMPASSIONATE RELEASE – 9


**E.  Defendant's immigration status does not pose a barrier to his early release**

Defendant is a legal permanent resident of the United States, having immigrating from Mexico almost fifty years ago. ECF No. 857 at 27. While Defendant likely will face immigration consequences as the result of his conviction, there has not yet been a detainer issued for his appearance in immigration proceedings. *See* ECF No. 943-2. The possibility—and even likelihood—of deportation does not make Defendant ineligible for compassionate release. *See, e.g., United States v. Kalkat,* Case No. 2:17-cr-22-WFN, ECF No. 237 (E.D. Wash. July 6, 2020). Therefore, this Court concludes that Defendant's immigration status does not impact its decision to grant compassionate release.

## CONCLUSION

Due to the unprecedented and undeniably serious nature of the COVID-19 pandemic, this Court finds that Defendant has established "extraordinary and compelling" circumstances warranting early release. Defendant's compounded and worsening health issues as well as his age create an enormous risk of contracting the disease. This risk, considered with Defendant's non-violent history, leads the Court to grant Defendant's Emergency Motion for Sentence Reduction and Compassionate Release.

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Martinez-Izazaga's (10) Motion to Seal, **ECF No. 945**, is **GRANTED**.

   A. The Clerk's Office is directed to **FILE** the proposed sealed document, which appears at **ECF No. 946**, under seal.

2. Defendant's Motion to Expedite, **ECF No. 944**, is **GRANTED**.

3. Defendant's Emergency Motion for Sentence Reduction and Compassionate Release, **ECF No. 943**, is **GRANTED**.

   A. Defendant's sentence is reduced to **time served**.

4. This order is **STAYED for up to fourteen days**, for the verification of the Defendant's residence, to make appropriate travel arrangements, and to ensure the Defendant's safe release.

   A. The Defendant shall be released as soon as a residence is verified, appropriate travel arrangements are made, and it is safe for the Defendant to travel.

   B. The Defendant must provide the complete address where the Defendant will reside upon release to the probation office in the Eastern District of Washington.

//

//

ORDER GRANTING MOTION TO SEAL, MOTION TO EXPEDITE, AND MOTION FOR COMPASSIONATE RELEASE – 11

     **C.**    There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the Bureau of Prisons.

**DATED** this 13th day of August 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge